09-4670-ag
Lian v. Holder

BIA
Van Wyke, IJ
A099 025 415

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

Zhi Xin Lian,
> *Petitioner,*

v.                                        09-4670-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:    Sheema Chaudhry, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Xin Lian, a native and citizen of China, seeks review of an October 15, 2009, order of the BIA affirming the October 17, 2007, decision of Immigration Judge ("IJ") William Van Wyke denying Lian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Xin Lian*, No. A099 025 415 (B.I.A. Oct. 15, 2009), *aff'g* No. A099 025 415 (Immig. Ct. N.Y. City Oct. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We affirm the agency's factual findings, including its credibility determinations, if they are supported by substantial evidence. *See Ascencio-Rodriguez v. Holder*, 595 F.3d 105, 110 (2d Cir. 2010).

Substantial evidence supports the agency's adverse

credibility determination. *See Yanquin Weng*, 562 F.3d at 513. Under the REAL ID Act, which applies to Liu's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original).

Here, the IJ noted the discrepancy between Lian's statements during his initial airport credible fear interviews, in which he stated that he feared persecution under China's family planning policy, and his asylum application and testimony before the IJ, in which he asserted that he feared persecution as a Falun Gong practitioner. The IJ reasonably relied on this inconsistency, as there has been no showing that the airport interview was so unreliable that it should not be considered part of the record, *see Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004)*, and the inconsistency is dramatic, *see id.* at 180-81 ("Where the alien's airport statements and his or her later testimony present materially different accounts of his or her purported persecution, however, the

3

inconsistencies may render the alien's testimony incredible.").

The IJ also noted inconsistencies between the testimony of Lian's witness, Yuan, and Lian's own testimony, and found that those inconsistencies adversely affected Lian's credibility. Lian concedes that there were inconsistencies, but argues that the IJ erred in relying on them because the inconsistencies were minor. However, an IJ may "rely on *any* inconsistency . . . as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (emphasis in original). Thus, the inconsistencies between Yuan's testimony and Lian's testimony were properly considered in evaluating Lian's credibility as part of the totality of the circumstances.

Finally, the IJ found that Liu's credibility was undermined by his demeanor, which the IJ described as "hesitant," unemotional, and weak, such that his testimony "sounded contrived." We defer to the IJ on this assessment, *see Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir. 2005), mindful of his unique advantage in hearing directly from the asylum applicant, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73

4

(2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc).

Ultimately, the discrepancies the IJ identified and his assessment of Lian's demeanor provide substantial evidence for his adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because Lian's claims for asylum, withholding of removal, and relief under the CAT were based on the same factual predicate, the agency's adverse credibility determination forecloses all three forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
